UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| B.B., by his parents and next friends, | ) | |
| ROBERT and KELLY BRUNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-0323-DFH-JMS |
| | ) | |
| PERRY TOWNSHIP SCHOOL CORP. | ) | |
| and RISE Special Services Cooperative, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| B.B., A MINOR, BY AND THROUGH | ) | |
| HIS PARENTS AND LEGAL GUARDIANS | ) | |
| ROBERT BRUNES AND KELLY BRUNES, | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-0731-DFH-JMS |
| | ) | (consolidated into case above) |
| METROPOLITAN SCHOOL DISTRICT | ) | |
| OF PERRY TOWNSHIP and RISE | ) | |
| SPECIAL SERVICES, | ) | |
| | ) | |
| Defendants/Counter-Claimants. | ) | |

ENTRY ON ATTORNEY FEE PETITION

These two related cases come before the court on the plaintiffs' petition for

an attorney fee award under the Individuals with Disabilities Education

Improvement Act ("IDEIA"), 20 U.S.C. § 1415(i)(3).   On the merits, the cases

presented a dispute concerning a public school's special education programs for

a young child under the IDEIA, the federal implementing regulations, 34 C.F.R., Part 300, and Indiana's regulations governing special education, 511 Ind. Admin. Code § 7-32-1 *et seq.*

Just before the parties took their dispute to an Independent Hearing Officer (IHO), the school district made a written settlement offer to the parents pursuant to 20 U.S.C. § 1415(i)(3)(D), which is a statutory analog to Rule 68 of the Federal Rules of Civil Procedure, as applied to the fee-shifting provisions of the IDEIA. The parents rejected the offer. The hearing went forward before the IHO over a period of three days.

The IHO issued a detailed ruling that agreed with the parents on some issues and the school district on others, and he ordered relief for the parents and their child. Each side appealed portions of the IHO's decision. The Indiana Board of Special Education Appeals agreed with some but not all of the school district's objections. The parents then sought both attorney fees and further judicial review in this court. The school district counterclaimed to challenge some portions of the Board's decision that were favorable to the parents. The court ruled on the parties' cross-motions for summary judgment and affirmed the decision of the Indiana Board of Special Education Appeals. *B.B. v. Perry Township School Corp.*, 2008 WL 2745094 (S.D. Ind. July 11, 2008). The court deferred attorney fee and cost issues to this later stage. Plaintiffs have submitted a petition for an award of attorney fees, asserting that they are prevailing parties and entitled to fees

under the IDEIA, 20 U.S.C. § 1415(i), and Indiana law, 511 Ind. Admin. Code § 7-45-11.  Plaintiffs seek $49,776.40, which is their lodestar amount of all attorney time in the case, plus costs of $1,507.58.  Plaintiffs also seek an additional $975.00 in attorney fees for time devoted to the fee issue.  The defendant school district opposes the petition and has filed its own motion for summary judgment on the issue.

The court concludes:  (a) plaintiffs qualify as prevailing parties in the case; (b) the school district's settlement offer does not defeat the parents' fee petition; and (c) in view of the parents' limited success on the merits, a reasonable fee award in this case is $20,000, plus costs of $600.  The court assumes the reader is familiar with the decision on the merits.

I.      *Prevailing Party Status*

One frequently quoted passage from the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), is the hope that a request for attorney fees "should not result in a second major litigation."  As the Supreme Court hoped in *Hensley*, parties are often able to settle such disputes, but courts must decide some of them.  This is such a case.

Under the IDEIA, parents of a child with a disability may be awarded reasonable attorney fees if they are the prevailing parties in an administrative

proceeding or in litigation in court to enforce their rights and their child's rights under the IDEIA.   20 U.S.C. § 1415(i)(3)(B); *Linda T. v. Rice Lake Area School District*, 417 F.3d 704, 710 (7th Cir. 2005) (affirming award of zero where parents formally prevailed but achieved only minimal success); *Brown v. Griggsville Community Unit School Dist. No. 4*, 12 F.3d 681, 683-84 (7th Cir. 1993).   Indiana law also provides that a parent represented by an attorney may be entitled to legal fees, but only if the parent ultimately prevails.   See 511 Ind. Admin. Code § 7-45-11(b)(1)(A).

A party "prevails" when she is granted relief by a court, usually by way of a judgment on the merits, a consent decree, or some other judicially sanctioned change in the parties' legal relationship.   See *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603-05 (2001); see also *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) ("A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").   Under the IDEIA, plaintiffs may be considered prevailing parties if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."   *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), and applying *Buckhannon* standard); accord, *Evanston Community Consolidated School District No. 65 v. Michael M.*, 356 F.3d 798, 805 (7th Cir. 2004) (parents were prevailing parties where hearing officer and court

ordered increased occupational therapy services for their child).   This is a "generous" standard, *Hensley*, 461 U.S. at 433, and it defers more difficult questions about limited success to evaluations of the amount of a reasonable fee. *Michael M.*, 356 F.3d at 805.

For purposes of the prevailing party issue, the comparison is between the final result of the litigation and the situation that prevailed before the administrative hearing.  (The school district's settlement offer does not affect this analysis, but it is critical in addressing the next issue.)   In this case, the IHO ordered the school district to provide compensatory occupational therapy services to plaintiffs.   The IHO also ordered the school district to provide certain professional training to B.B.'s teachers.  These portions of the IHO's order were sustained on further review and materially altered the parties' legal relationship. They are sufficient to support a finding of prevailing party status.

In addition, this is a relatively unusual case, at least in this court's experience, in which the school district appealed portions of the IHO's decision. The school district's appeal produced mixed results before the BSEA and this court.   Under the IDEIA, parents who successfully defend on appeal relief that they have won at earlier stages of the proceeding are entitled to a reasonable attorney fee for that defense.  See, *e.g.*, *Angela L. v. Pasadena Independent School District*, 918 F.2d 1188, 1197 (5th Cir. 1990) (ordering award of appellate attorney fees where appellate court affirmed district court decision in favor of parents);

*Fontenot v. Louisiana Board of Elementary and Secondary Education*, 835 F.2d 117, 121 (5th Cir. 1988) (same). The plaintiffs are prevailing parties who are eligible for an attorney fee award under section 1415(i).

II.    *The School District's Settlement Offer*

The school district contends that plaintiffs are barred from any fee award by an IDEIA provision that limits attorney fee awards if the parents ultimately achieve a result less favorable than the school district offered in writing at least 10 days before the hearing. The key statutory provision states:

> Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if –
>
>> (I)    the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>> (II)   the offer is not accepted within 10 days; and
>> (III)  the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D)(i). The statute makes an exception to this prohibition on an attorney fee award if the parent "was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

The school district communicated the following offer more than ten days before the administrative hearing in this case, citing the applicable statute:

> Pursuant to 20 U.S.C. Section 1415(i)(3)(D)(i), the Respondents in the above-referenced matter make the following written offer of settlement.
>
> 1. From Dr. Bubp's evaluation, School will implement items 1-4, 6 (in school adults), 7-12, 14 (in school), 17 (in school), 18 (in school), 19, 20 (in school), 21-23, 24 (in school), 25, 28 (in school), 29 ( but not palm pilot yet). School supports other objectives and will work with parent to be sure that what happens at school is consistent with what happens at home but will not provide home equipment, etc. School will assist parent in obtaining training for work at home and will coordinate with parent trainer by sharing school experience. School requests access to parent trainer information for coordination.
>
> 2. School will pay costs of evaluations including mileage.
>
> 3. School will pay reasonable attorney fees.
>
> 4. School will provide appropriate ESY as determined by case conference.
>
> 5. School will conduct assistive technology evaluation and implement recommendations.
>
> 6. School will provide before school meeting opportunity each year for teacher and parents.
>
> 7. School will provide 30 hours of compensatory OT.
>
> 8. School will provide 15 hours of auditory compensatory services.
>
> 9. School will provide an additional $500 to reimburse parents for claimed expenses.
>
> 10. School will provide implementation timelines.
>
> If your client wishes to accept this offer, please let me know.

Dkt. No. 12, Exhibit A.

For purposes of applying section 1415(i)(3)(D), the relevant comparison is between the terms of the settlement offer and the final result of the litigation. The comparison here is far more complex than a comparison of dollar amounts in the case of a typical Rule 68 offer of judgment for a specified amount of damages. The court's role is to evaluate the settlement offer as a whole, to weigh it against the results of the litigation as a whole, and to decide whether the parents obtained more favorable relief through litigation than was available in the settlement offer. Compare *Mr. L. & Mrs. L. v. Woonsocket Education Department*, 793 F. Supp. 41, 44 (D.R.I. 1992) (denying fee award where close comparison of settlement offer showed it was more favorable overall than result achieved in administrative hearing), with *A.V. v. Burlington Township Board of Education*, 2007 WL 1892469, *11 (D.N.J. June 27, 2007) (awarding fees where settlement offer was vague on important details and did not address other aspects of relief that plaintiffs won in administrative hearing); *Gross v. Perrysburg Exempted Village School Dist.*, 306 F. Supp. 2d 726, 735 (N.D. Ohio 2004) (fees not limited by settlement offer that was not sufficiently specific and hearing resulted in final award more favorable than offer); *Mrs. M. v. Tri-Valley Central School Dist.*, 363 F. Supp. 2d 566, 572 (S.D.N.Y. 2002) (fees not limited by settlement offer where final award was slightly better than settlement offer); *Chagnon v. Town of Shrewsbury*, 901 F. Supp. 32, 36 (D. Mass. 1995) (awarding fees where hearing officer ordered that specific behavioral objectives be developed that had not been included in settlement offer).

Applying the logic that applies under Rule 68, the burden is on the defense to show that the settlement offer was at least as favorable to the plaintiffs as the result of litigation.  See *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075-76 (7th Cir. 1999) (explaining need for clear and precise offers as a condition for imposing risks of Rule 68 on plaintiffs).  In the context of the IDEIA, however, there may be some inherent limits on how precise a settlement offer can be because the Act governs a complex and long-term interactive relationship between parents and school authorities.

With these considerations in mind, the court turns first to an item-by-item comparison between the terms of the offer and the results of the litigation, following the paragraphs of the settlement offer, and then to other relevant aspects of the results of the litigation.

1.   The school district offered to implement some of the specific recommendations from the parents' chosen expert, Dr. Bubp.  The litigation did not include any of this relief for the plaintiffs.

2.   The school district offered to pay costs of evaluations, including mileage.  The litigation did not include any of this relief for the plaintiffs.

3.   The school district offered to pay reasonable attorney fees.  The result of the litigation could not be more favorable than this offer because the IDEIA allows only a reasonable attorney fee award.[1]

---

[1]The defendants have asked the court to hold that schools need not include an offer of attorney fees in a settlement offer under the IDEIA to take advantage of the settlement offer provision in § 1415(i)(3)(D)(i).  The court declines to do so. The relevant comparison is between the settlement offer and the ultimate result of litigation.  If the ultimate result of litigation would include a right to a

(continued...)

4.      The school district offered "appropriate ESY [extended school year services] as determined by a case conference."  The result of the litigation included nothing in terms of an extended school year.

5.      The school district offered to "conduct assistive technology evaluation and implement recommendations."  Although this portion of the offer was certainly vague, the plaintiffs were not awarded any relief in the litigation relating to assistive technology.

6.      The school district offered to meet with the parents before normal school hours.  The result of the litigation did not include this form of relief.

7.      The school district offered 30 hours of compensatory occupational therapy (OT, for the cognoscenti).  The result of litigation was an order for only 10 hours of occupational therapy.

8.      The School district offered 15 hours of auditory compensatory services.  The result of the litigation did not include any auditory services.

9.      The school district offered to pay an additional $500 to reimburse plaintiffs for their expenses.  The result of the litigation did not include any reimbursement for expenses (except as ordered here, in a sum of $600 in litigation costs).

10.     The school district offered to "provide implementation timelines."  This term was also vague, but the result of the litigation did not include any relief of this sort.


Plaintiffs argue that the relief they won in the litigation was more favorable overall than the settlement offer.  They point out that the school district argued in the litigation that it was exempt from the requirements of the IDEIA and

---

[1](...continued)
reasonable attorney fee, then the settlement offer would seem to need to do the same.  An offer of a "reasonable attorney fee" would offer exactly what the statute promises, even if the amount that would be reasonable before a hearing may be much lower than the amount that would be reasonable after litigation ends.

Indiana law as related to "accommodations and related services" for their child. The IHO found in favor of plaintiffs.  The BSEA and this court agreed.

Plaintiffs also point out that the litigation resulted in an order for additional professional training for B.B.'s teachers and that the training requirement had to be included in the individual education plan (IEP) for B.B.  The school district argues that this relief was not more favorable to plaintiffs than the settlement offer because the school district was already required to provide such training.  Def. Br. 20-21.  But the defendant's settlement offer was silent on this important item. Where an IHO or court decision orders a school district merely to comply with the law, that portion of the decision probably should not be counted as a "win" for the parents *unless the compliance is ordered as part of a remedy for past violations.* See *P.D. v. Mt. Vernon Community School Corp.*, 2008 WL 1701877, *7 (S.D. Ind. April 10, 2008).  But where the parents show a past violation and where part of the remedy is an order to comply with the law, that form of relief cannot be disregarded.

In this case, the hearing officer's uncontested findings showed that the school staff had not received adequate training to meet B.B.'s needs.  The private evaluations showed auditory processing problems, sensory integration problems, and attention deficits.  Staff members testified they were not trained in those areas prior to starting to work with B.B.  AR 546-51, 573-74.  B.B.'s second grade reading teacher testified that she had not read his IEP before she began teaching

him, and she was not aware of any of his goals.  AR 639.  The hearing officer and BSEA did not err in concluding that additional training was necessary.  This was important relief that was not part of the settlement offer.

Plaintiffs also point out that the settlement offer did not address the contested issue of the label applied to their child's learning disorder.  The school district argued before and during the litigation that B.B.'s learning disability should be labeled as autism spectrum disorder (ASD) or communication disorder (CD).  Plaintiffs argued, and the IHO, BSEA, and this court all agreed, that the appropriate label was "Other Health Impairment" or OHI.  The settlement offer did not address this issue.  Before the hearing, the school district had taken the position that certain services would not be provided unless the parents agreed to the ASD label.  AR 452, 1214.  At the hearing, the school district conceded this was an error.  AR 334-35.  The parties devoted a substantial amount of energy to the issue in this litigation, and plaintiffs prevailed on it.

Plaintiffs also contend that the settlement offer was inadequate because it did not include a provision to include the terms in a court order or consent decree. A district court in Texas found such silence significant, at least in part because a private settlement would not make the parents the prevailing parties for purposes of an attorney fee award.  *El Paso Independent School District v. Richard R.*, 567 F. Supp. 2d 918, 933-35 (W.D. Tex. 2008).  In this case, the school district's offer included the same "reasonable attorney fee" allowed by the statute,

which is at least consistent with having a court order or consent decree.  Keeping in mind the Rule 68 parallel cited in the statute, which requires an offer of *judgment*, an offer of a purely private settlement would not appear to meet the requirements of section 1415(i)(3)(D).  The school district's settlement offer was ambiguous on this key point.

Comparing the settlement offer to the results of the litigation in this case is difficult.  How does one weigh additional training of the school district's teachers against adoption of some of Dr. Bubp's recommendations?  Or success on the labeling issue against a specified number of hours of compensatory occupational therapy?  Or the absence of an extended school year against the determination that the school district is in fact subject to the IDEIA.  The comparisons are a little like trying to ask whether a chair is greener than it is soft – the value scales are simply incommensurate with one another.   And more than a dozen such comparisons are required here.

After trying to weigh these imponderables, the court finds that the school district has not shown that the overall results of the litigation were less favorable to the plaintiffs than the school district's settlement offer.  Without criticizing the settlement offer, the court believes the financial portions of the settlement offer were relatively modest, as were the provisions for assistive technology evaluation and before-school meeting schedules.  The 30 hours of occupational therapy offered by the school were obviously three times as many as the 10 hours ordered

through the litigation.   The court views the training requirement for B.B.'s teachers as especially valuable.   That was a result of the litigation and was not a part of the settlement offer.   The value of prevailing on the label issue, which both sides have treated as very important, has no obvious counterweight in the settlement offer.   In short, in some respects, the settlement offer was more favorable, and in other respects, the results of the litigation were more favorable. The school district has not made the showing required under 20 U.S.C. § 1415(i)(3)(D)(i) to disqualify the prevailing plaintiffs from an attorney fee award.

III.     *Limited Success and a Reasonable Fee*

Plaintiffs qualify as prevailing parties, and the results they achieved through litigation appear to be at least marginally better than the school board's offer.   The plaintiffs' lodestar amount for attorney fees is $49,776.40, plus $975.00 for the reply in support of their fee petition.   The lodestar is based on then-current hourly rates of $200 per hour for attorney Philpot for trial work and $175 for pretrial work, and a flat rate of $195 per hour for attorney Jones.

Defendants do not challenge the hourly rates.   Defendants contend that some of the hours billed were not reasonable because two attorneys were representing plaintiffs after attorney Jones joined the case.   Defendants suggest specifically that two attorneys did not need to attend a settlement conference with the court and suggest more generally that "much" of attorney Philpot's time was

duplicative after attorney Jones joined the case.  Defendants have not gone through the time sheets line by line and seem to invite a percentage reduction in attorney time on this basis.  The court declines to do so in the first instance. There were two cases here, and defendants had two attorneys appear for them and a third appeared in the administrative hearings.  It is not unusual or unreasonable for two attorneys to share the work and the financial risk for plaintiffs and their attorneys in a case like this one.  Also, where the plaintiffs' attorneys face a serious risk of not being paid or not being paid fully, they have no incentive to waste time and "churn" the file.

The more basic problem remains.  The parents achieved only limited success through the entire litigation process.  Defendants suggest that the success was so limited that no attorney fee should be awarded or the award should be reduced to only five to twenty-five percent of the amount requested because of the limited success.  The court concludes that the parents are entitled to a fee award of $20,000, or approximately 40 percent of the lodestar amount.

The most critical factor in determining the reasonableness of a fee award is the degree of success obtained.  *Jodlowski v. Valley View Community Unit School Dist. No. 365-U*, 109 F.3d 1250, 1255 (7th Cir. 1997), quoting *Farrar*, 506 U.S. at 114, and *Hensley*, 461 U.S. at 436.  For purposes of this analysis, the court compares the final results after the administrative hearing, administrative appeal, and judicial review with the status quo before the administrative hearing.

The parents prevailed on some litigated issues and lost on others. The plaintiffs prevailed on the following:

–  The school failed to provide some of the occupational therapy required under the student's individual education plans, and the order to provide compensatory services was upheld. The court found that the school had failed to provide a "free appropriate public education" to the extent of this failure.

–  The school failed to provide appropriate training to the student's teachers. The order to have appropriate training was upheld.

–  The parents and the school disputed the appropriate designation of the student's disability at every stage of the proceedings. The parents won at every stage.

–  The school argued at the hearing that it was exempt from the requirements of the IDEIA because of the parents' decision to enroll the student in a "choice" school that was not in his home school district. See AR 124. The hearing officer ruled in favor of the parents on this issue.

The parents lost on a number of other issues, including the following:

–  The Board of Special Education Appeals had modified the IHO's Order 2 by deleting requirements that the parents' private consultants attend the case conference on the student and instead merely allowing those consultants to attend at the parents' expense. The court upheld the BSEA's action on this issue.

–  The parents are responsible for providing private speech and language therapy and occupational therapy and evaluation by a behavioral psychologist.

–  The parents' request for compensatory speech and language therapy and behavioral psychologist services was denied.

–  The parents' request for reimbursement of mileage and some other expenses was denied.

In a number of provisions of his order, the IHO essentially restated the requirements of the IDEIA and provided some additional detail that was tailored to this particular case.  The court does not believe that these terms of the order qualify as successes for the plaintiffs except where the orders to comply with the IDEIA were intended to remedy earlier violations of the Act.  See *P.D. v. Mt. Vernon Community Schools*, 2008 WL 1701877, at *7.

The defendants count plaintiffs as succeeding on only two of eighteen requests for relief and six of twenty-four of their stated issues and sub-issues. Contrary to the defendants' argument, the parents' success was not limited to just a few harmless procedural violations, a conclusion that might require a denial of any fee award.  See *Monticello School Dist. No. 25 v. George L.*, 102 F.3d 895 906-07 (7th Cir. 1996).  The court cannot break down the attorneys' time between successful and unsuccessful claims; the records would not allow it, and neither side proposes such an analysis.  Counting issues and arguments can be too wooden an approach to this problem.  See *T.D. v. La Grange School Dist. No. 102*, 2005 WL 483415, *2 (N.D. Ill. Feb. 28, 2005) (rejecting use of rigid mathematical formula by counting issues); *M.P. v. Noblesville Schools*, 2004 WL 828242, *15 (S.D. Ind. March 19, 2004) (declining to measure fees by counting issues).

The better approach is to estimate the time the attorneys would have spent if they had pursued the claims that were successful (and the unsuccessful claims that were intertwined with the successful claims).  See *Hensley*, 461 U.S. at 440

("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."). The court must also acknowledge that the important relief the parents won was only a fraction of the additional relief they sought in the proceedings. See *Farrar*, 506 U.S. at 114 (degree of success is most critical factor in determining reasonableness of fee); *Hensley*, 461 U.S. at 434 (same). The court must also consider the significance of the issues on which plaintiffs prevailed and the public purpose of the litigation. *George L.*, 102 F.3d at 907.

The four major issues on which the parents prevailed were the need for training for their child's teachers, the need to provide compensatory occupational therapy to remedy failures to comply with the IEP, and the defensive wins on the labeling issue and whether the defendants were exempt from the IDEIA. Those were significant issues (not merely technical or procedural victories), but their cumulative weight was not as significant as the cumulative weight of the issues on which plaintiffs did not prevail. The litigation was typical of individual litigation under the IDEIA. It served a public purpose by addressing these issues and the defendants' compliance with the law, but the issues were fairly narrow, focused tightly on the parents' son and his special circumstances.

This process is not scientific, but the court must ultimately decide on a number. Based on the court's familiarity with the administrative record and the

record of litigation in these two cases in this court, including the results, the court's best estimate of a reasonable fee is approximately 40 percent of the total claimed.  That estimate leads to a total fee award of $20,000 in this case.  The court will apply the same proportion to the claimed costs, so that a total of $600 will be allowed in costs.

### Conclusion

The court tends to agree with defendants that this dispute should have settled, and plaintiffs' failure even to respond to the settlement offer was unfortunate, to say the least.  As explained above, however, the settlement offer was not so generous as to nullify the plaintiffs' right to a modest and reasonable fee based on the modest success they achieved, as compared to the status quo before they sought administrative and judicial relief.  The court grants plaintiffs' petition in part, to the extent of $20,000 in fees and $600 in costs, and denies defendants' motion for summary judgment on the fee issue.  The court will enter final judgment accordingly in Cause No. 1:07-cv-323 (the consolidated case) and will dismiss Cause No. 1:07-cv-731 without prejudice.

So ordered.

Date: August 6, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Seamus P. Boyce
CHURCH CHURCH HITTLE & ANTRIM
spboyce@cchalaw.com
belinda@cchalaw.com

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com

Dorene Jackson Philpot
dphilpotlaw@alumni.indiana.edu

Martin E. Risacher
CHURCH CHURCH HITTLE & ANTRIM
risacher@cchalaw.com
lwolverton@cchalaw.com